## OFFICE OF THE CIRCUIT CLERK OF MONONGALIA COUNTY



### JEAN FRIEND, CIRCUIT CLERK
**75 HIGH STREET, SUITE 12**
**MORGANTOWN WV 26505**
Telephone: 304-291-7240
Fax: 304-291-7273

**17th Judicial Circuit**

**20th Family Court**

# FILED

FEB **0 7** 2023

February 1, 2023

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

United States District Court
Attn: Cheryl Dean Riley
Post Office Box 2857
Clarksburg, WV 26301

1:23 - cv - 14

IN RE:   Civil Action No. 22-C-305
Kimberly Chapman
vs
Morgantown Operations, LLC

Dear Ms. Riley:

Enclosed please find copies of all pleadings filed in the above styled civil action that are being forwarded to you since this action has been removed to your Court.

Please contact this office if we can be of any further assistance in this matter.

Very truly yours,

Donna Hidock
Circuit Clerk of Monongalia County

Enclosures

BAJ

STATE OF WEST VIRGINIA

COUNTY OF MONONGALIA, TO-WIT:


I, Jean Friend, Clerk of the Circuit Court of Monongalia County, State

aforesaid, hereby certify that the foregoing are copies of the original papers

filed, and a complete record of the proceedings had in the interest of:

22-C-305

KIMBERLY CHAPMAN

vs

MORGANTOWN OPERATIONS, LLC

lately pending in said Circuit Court.

Given under my hand and the seal of said Circuit Court on this **1ST**

day of February, 2023.

Circuit Clerk of Monongalia Co., WV

CASE#:  **22-C-305**                    Sub Code:

JUDGE:    PHILLIP D. GAUJOT

vs

Plaintiff:    **KIMBERLY CHAPMAN**

Defendant:   **MORGANTOWN OPERATIONS LLC**

Pro Attorney:  ERIKA KOLENICH

Def Attorney:

Date Opened: 12/19/2022
Date Printed:  02/01/2023

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|-----------|----------|--------|-----------|---------|
| 1 | 12/19/2022 | Complaint and Pl's 1st Set of Combined Discovery | | 200.00 | 200.00 | .00 |
| 2 | 12/19/2022 | Additional clerk/filing fee | | 35.00 | 35.00 | .00 |
| 3 | 12/19/2022 | Process issued on Morgantown Operations LLC - S/S | NotCollected | 20.00 | .00 | 20.00 |
| 4 | 12/19/2022 | Hold service on Mark Terry | | .00 | .00 | .00 |
| 5 | 01/09/2023 | S/S accepted service on behalf of Morgantown Operations on 12/30/2 | | .00 | .00 | .00 |
| 6 | 02/01/2023 | Notice of Filing of Notice of Removal | | .00 | .00 | .00 |
| 7 | 02/01/2023 | Notice of Removal | | .00 | .00 | .00 |
| | | **Totals** | | **255.00** | **235.00** | **20.00** |

A TRUE COPY
ATTEST _____ CLERK
MONOGALIA COUNTY CIRCUIT/FAMILY COURT

**IN THE CIRCUIT COURT OF**     **MONONGALIA**     **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

### I. CASE STYLE:

**Case No.** 22-C-308

**Judge:** PDG

**Plaintiff(s)**

Kimberly Chapman

c/o Klie Law Offices, PLLC

21 E. Main St Suite 160, Buckhannon, WV 26201

**Plantiff's Phone:** 304-472-5007

**vs.**

**Defendant(s)**

Morgantown Operations, LLC dba The Crossings at Morgantown dba Harmony at Morganto

Name

Craig A. Penny, 4423 Pheasant Ridge Road, Suite 301

Street Address

Roanoke, VA 24014

City, State, Zip Code

**Days to Answer**  30

**Type of Service**  Secretary of State

**Defendant's Phone:** _____

### II. TYPE OF CASE:

- [x] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

### III. JURY DEMAND:  [x] Yes  [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 06 / 2024

### IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?

- [ ] Yes  [x] No

**IF YES, PLEASE SPECIFY:**

- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

---

Attorney Name: Erika Kolenich

Firm: Klie Law Offices

Address: 21 E. Main St., Suite 160, Buckhannon, WV 26201

Telephone: (304) 472-5007

Representing:
- [x] Plaintiff
- [ ] Cross-Defendant
- [ ] 3rd-Party Plaintiff
- [ ] Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Defendant

- [ ] **Proceeding Without an Attorney**

---

Original and ___6___ copies of complaint enclosed/attached.

Dated: 12 / 16 / 2022  Signature: _____

**FILED**

DEC 19 2022

**SCA-C-100:  Civil Case Information Statement (Other than Domestic Relations)**  Revision Date: 4/2020

JEAN FRIEND, CLERK

**Plaintiff:** <u>Kimberly Chapman</u>     , *et al*    **Case Number:** <u>22-C-</u>
**vs.**
**Defendant:** <u>Morgantown Operations, LLC</u>    , *et al*

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

<u>Mark Terry</u>
Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: No service requested at this time

---

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KIMBERLY CHAPMAN,

        **Plaintiff,**

v.                            Civil Action No.: 22-C-$305$

MORGANTOWN OPERATIONS, LLC DBA
THE CROSSINGS AT MORGANTOWN DBA
HARMONY AT MORGANTOWN,
and MARK TERRY,

        **Defendants.**

## COMPLAINT

NOW COMES the Plaintiff, Kimberly Chapman, and for her cause of action against the Defendants, Morgantown Operations, LLC dba The Crossings at Morgantown dba Harmony at Morgantown, and Mark Terry, and states and alleges as follows, to-wit:

1. Plaintiff, Kimberly Chapman, (hereinafter "Plaintiff Chapman") is an adult individual who now and at all times relevant herein resides in Westover, Monongalia County, West Virginia.

2. Based upon information and belief, Defendant, Morgantown Operations, LLC dba The Crossings at Morgantown dba Harmony at Morgantown, (hereinafter referred to as "Defendant Harmony") is a foreign limited liability company existing within the State of West Virginia; Defendant Harmony actively, systematically conducts, contracts, and transacts business in West Virginia by engaging in the business of health care and social assistance, and thus receiving the benefits of conducting business within the State of West Virginia; Defendant Harmony is registered to conduct, contract and transact business within the State of West Virginia. Defendant Harmony's notice of process address is Craig A. Penny, 4423 Pheasant Ridge Road, Suite 301, Roanoke VA, 24014.

1

FILED

DEC 19 2022

3. At all times relevant, based upon information and belief, Defendant Mark Terry, (hereinafter referred to as "Defendant Terry") was an individual resident of Monongalia County, West Virginia, while working for Defendant Harmony at their Morgantown, West Virginia location and acted as Plaintiff's supervisor and the Executive Director. He is male.

4. Upon information and belief at all times relevant herein, Plaintiff Chapman, was offered the position of Life Enrichment Director by Defendant Harmony on or about January 28, 2022, and began her employment with Defendant Harmony on or about February 14, 2022.

5. At all times relevant herein, Plaintiff Chapman, worked at Defendant Harmony's location at 50 Harmony Drive, Morgantown, Monongalia County, West Virginia.

6. At all times relevant herein, Plaintiff performed all of her job duties in a satisfactory or above-satisfactory manner and any contention to the contrary is merely a pretext. Prior to any incidents described herein, Plaintiff had not had any other disciplinary actions taken against her.

7. In or about April 2022, Plaintiff Chapman began noticing unprofessional and hostile behaviors in the work environment. Plaintiff Chapman was yelled at on multiple occasions by Defendant Terry. Defendant Terry was known to call and/or message Plaintiff when under the influence of alcohol and outside of work hours.

8. On or about May 4, 2022, Plaintiff Chapman, being so concerned with said behavior, submitted a resignation letter. Upon receiving said letter, Defendant Terry ultimately talked Plaintiff Chapman into rescinding it with promises things would improve.

2

9. On or about June 22, 2022, Plaintiff wrote an email to Margaret Cabell, who held a supervisory role for Defendant Harmony, to report several safety concerns and harassment from Defendant Terry.

10. On or about June 23, 2022, Plaintiff Chapman again emailed and reported to Ms. Cabell about safety concerns and Defendant Terry and advised that she wanted to make a formal complaint against Defendant Terry due to his inappropriate behavior.

11. The reported safety concerns include but are not limited to alcohol being served without food and unauthorized employees administering narcotics. The alcohol was served by a personal friend of Defendant Terry who was also a male.

12. The reported inappropriate behavior concerns include but are not limited to Defendant Terry yelling at Plaintiff Chapman and calling her in the night while intoxicated.

13. On or about June 24, 2022, Plaintiff Chapman had a phone conversation with Ms. Cabell about her concerns.

14. On or about June 27, 2022, Plaintiff Chapman emailed Ms. Cabell, along with Yvonne Rickert, head of HR for Defendant Harmony, with further concerns of retaliation for reporting her harassment and safety concerns.

15. On or about June 28, 2022, Defendant Harmony wrongfully, recklessly, carelessly, willfully, wantonly and unlawfully terminated Plaintiff Chapman.

16. Plaintiff Chapman did not commit any separate dischargeable offense. Based upon information and belief, although defendant has alleged differently, the same is merely a pretext for Defendant Harmony's wrongful termination of Plaintiff Chapman.

17. As a direct and proximate result of the acts and omissions described herein, Plaintiff Chapman was injured and damaged as hereinafter set forth.

3

## COUNT I – GENDER DISCRIMINATION

18. Plaintiff hereby realleges each and every allegation contained in Paragraph One (1) through Paragraph seventeen (17) of this Complaint as if fully rewritten herein.

19. Plaintiff was at all times relevant herein, a member of a protected class of individuals as she was female.

20. Based upon information and belief Plaintiff maintains and therefore avers that her termination was motivated in whole or in part by her gender.

21. Plaintiff was treated in a disparate manner based at least in part on her gender and said disparate treatment includes but is not limited to: being yelled at and demeaned in public, being harassed and called at all times of day by male employees, and ultimately being terminated.

22. The aforesaid gender discrimination was inflicted upon Plaintiff in direct violation of the West Virginia Human Rights Act, W. Va. Code § 5-11-1, *et seq.*

23. As a direct and proximate result of Defendants' outrageous and wrongful actions aforesaid, Plaintiff has suffered injuries, damages, and losses hereinafter set forth.

## COUNT II - HOSTILE WORK ENVIRONMENT

24. Plaintiff hereby realleges each and every allegation contained in Paragraph One (1) through Paragraph twenty-three (23) of this Complaint as if fully rewritten herein.

25. Through the duration of Plaintiff's employment with Defendant Harmony, Plaintiff was subject to a hostile work environment created by Defendant Terry.

26. Based upon information and belief, Defendant Harmony had actual and/or constructive knowledge regarding said hostile work environment but failed to correct the same.

27. Said hostile work environment was based upon Plaintiff's gender. The aforementioned behavior was unwelcomed by Plaintiff in the work environment and rendered the workplace and working conditions hostile and unbearable.

28. Based upon information and belief, the hostile work environment was based, at least in part, on Plaintiff's gender.

29. As a direct and proximate result of Defendants' outrageous and wrongful actions aforesaid, Plaintiff has suffered injuries, damages and losses as hereinafter set forth.

## COUNT III - RETALIATION IN VIOLATION OF PUBLIC POLICY

30. Plaintiff Kimberly Chapman hereby re-alleges each and every allegation contained in paragraphs one (1) through twenty-nine (29) as if fully restated herein.

31. Based upon information and belief Plaintiff was wrongfully retaliated against and ultimately wrongfully terminated by Defendants because she reported unsafe patient care and the hostile work environment.

32. Even at will employees may recover for wrongful termination and retaliatory treatment 'where the treatment was motivated by an intention to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge'. *Harless v. First Nat'l Bank,* 192 W. Va. 116, 246 s.E.2d 270 (1978).

33. Further, there is a clear established public policy by West Virginia Supreme Court that 'it is the public policy of this state and otherwise unlawful to discriminate or retaliate against an employee for reporting acts of discrimination and/or harassment which are occurring in the workplace'. *Burke v. Wetzel Cty. Comm'n,* 240 W. Va. 709, 728, 815 S.E.2d 520, 539 (2018).

5

34. There is a clear established public policy that provides that 'no employer may discharge or harass an employee because the employee, acting on his own volition makes a good faith report to the employer or appropriate authority an instance of wrongdoing'. West Virginia Code §6C-1-3(a). As was done while reporting the patient safety concerns.

35. There is a clear established public policy in West Virginia that employers may not retaliate or discriminate in any manner against any healthcare worker because the worker, or any person acting on behalf of the worker, makes a good faith report, or is about to report, verbally or in writing, to the health care entity or appropriate authority an instance of wrongdoing or waste W.V. Code §16-39-1*et seq.*

36. There is a clear established public policy in West Virginia regarding ensuring that only certified persons can distribute medications to patients.

37. As a direct and proximate result of the outrageous and wrongful actions aforesaid, Plaintiff has suffered damages as herein set forth.

## COUNT IV – PATIENT SAFETY ACT

38. Plaintiff Chapman hereby restates each and every allegation set forth in paragraphs one (1) through thirty-seven (37) of this Complaint as if fully rewritten herein.

39. Based upon information and belief, Defendants retaliated against Plaintiff in violation of the Patient Safety Act [W. V. Code §16-39-1, *et seq*].

40. During Plaintiff's employment with Defendant Harmony, she reported concerns about patient safety to Defendant Harmony. Said Complaints include but are not limited to: unauthorized employees administering narcotics and incorrect procedures with the handling and serving of alcohol.

6

41. There is a clear established public policy in West Virginia that employers may not retaliate or discriminate in any manner against any healthcare worker because the worker, or any person acting on behalf of the worker, makes a good faith report, or is about to report, verbally or in writing, to the health care entity or appropriate authority an instant of wrongdoing or waste [W. V. Code §16-39-1, *et seq*].

42. Defendant Harmony retaliated against and discriminated against Plaintiff based upon her complaints and concerns regarding patient safety.

43. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff suffered injuries, damages, which include but are not limited to: back pay, front pay, lost wages, lost benefits, loss of future earnings, future loss of benefits, financial hardship, emotional distress, anxiety, embarrassment, and attorney fees.

44. Defendant Harmony's unlawful, retaliatory, and discriminatory actions constitute malicious, willful and wanton violations of the West Virginia Patient Safety Act for which Plaintiff is entitled to an award of punitive damages.

## COUNT V – WRONGFUL TERMINATION

45. Plaintiff Chapman hereby restates each and every allegation set forth in paragraphs one (1) through forty-four (44) of this Complaint as if fully rewritten herein.

46. Based upon information and belief, Defendant Harmony based its decision to terminate Plaintiff Chapman as least in part due to him reporting patient safety concerns. Thus, Plaintiff was terminated wrongfully and in violation of West Virginia Law.

47. Plaintiff Chapman did not commit any separate dischargeable offense and any contrary allegation is merely a pretext.

48. As a direct and proximate result of the acts and omissions described herein, Plaintiff Chapman was injured and damaged as hereinafter set forth.

### COUNT VI – TORT OF OUTRAGE

49. Plaintiff Chapman hereby restates each and every allegation set forth in paragraphs one (1) through forty-eight (48) of this Complaint as if fully rewritten herein.

50. The actions against Plaintiff Chapman, as set forth herein, were done in an outrageous manner and were so extreme as to be intolerable in a civilized society.

51. As a result of the outrageous, wrongful actions aforesaid, Plaintiff Chapman has suffered damages as hereinafter set forth.

### DAMAGES

52. Plaintiff Chapman hereby restates each and every allegation set forth in paragraphs one (1) through fifty one (51) of this Complaint as if fully rewritten herein.

53. As a direct and proximate result of the acts and/or omissions of Defendant Harmony and Defendant Terry, Plaintiff Chapman has been caused to suffer back pay, front pay, lost wages, lost benefits, loss of future earnings, future loss of benefits, financial hardship, emotional distress, anxiety, embarrassment, and attorney fees.

WHEREFORE, Plaintiff, Kimberly Chapman, demands judgment against Defendants Morgantown Operations, LLC dba The Crossings at Morgantown dba Harmony at Morgantown, and Mark Terry, jointly and severally in an amount in excess of the minimum jurisdictional limits of compensatory damages, plus interest and costs and such further relief as a Court or jury may find just. Together with punitive damages against the Defendants, in an amount that will punish Defendants from committing this type of conduct in the State of West Virginia in the future, and by setting an example, deter others from committing this type of conduct in the State

of West Virginia in the future and in such amount as will satisfy all other reasons of law and

public policy for an award of punitive or exemplary damages; and Plaintiff further prays for an

award of attorney fees, costs, interests, and for such other relief as the Court or jury deems just.

<u>**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**</u>

Respectfully submitted,
Kimberly Chapman

Of Counsel

Erika Klie Kolenich, Esq.  (9880)
Klie Law Offices, PLLC
21 E. Main St., Suite 160
Buckhannon, WV 26201
(304) 472-5007
Facsimile:  304-472-1126
ehklie@klielawoffices.com

9

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KIMBERLY CHAPMAN,

      Plaintiff,

v.                       Civil Action No.: 22-C-

MORGANTOWN OPERATIONS, LLC DBA
THE CROSSINGS AT MORGANTOWN DBA
HARMONY AT MORGANTOWN,
and MARK TERRY,

      Defendants.

**VERIFICATION**

STATE OF _WEST VIRGINIA_

COUNTY OF _Monongalia_, TO-WIT:

I, Kimberly Chapman, named in the foregoing "*Complaint*" after being first duly
sworn, do hereby swear that the facts and allegations therein contained are true, except insofar as
they are therein stated to be upon information and belief, I believe them to be true.

                                              Kimberly Chapman

Taken, subscribed, and sworn to before
me, a Notary Public, by Kimberly Chapman
on this the _15th_ day of _December_, 2022.

My Commission expires _10/15/2027_

_____
Notary Public                    (Affix Seal Here)

> OFFICIAL SEAL
> NOTARY PUBLIC
> STATE OF WEST VIRGINIA
> Dean Knowles
> The UPS Store
> 364 Patteson Dr.
> Morgantown WV 26505
> My Commission Expires October 15, 2027

10

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KIMBERLY CHAPMAN,

     Plaintiff,

v.                              Civil Action No.: 22-C-305

MORGANTOWN OPERATIONS, LLC DBA
THE CROSSINGS AT MORGANTOWN DBA
HARMONY AT MORGANTOWN,
and MARK TERRY,

     Defendants.

## PLAINTIFF'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO DEFENDANT, MORGANTOWN OPERATIONS, LLC

Pursuant to the provisions of Rules 26, 33 and 34 of the West Virginia Rules of Civil Procedure, as amended, and subject to the following instructions and definitions, Plaintiff, Kimberly Chapman, formally requests that Defendant, Morgantown Operations, LLC dba The Crossings at Morgantown dba Harmony at Morgantown.:

- Answer in writing, under oath, the following Interrogatories, within forty-five (45) days from the date of service, which are intended to be continuing in nature so as to require additional answers as information bearing thereon becomes available to you or your attorney; and

- Attach copies of all documents requested herein or, alternatively, produce said documents to **Klie Law Offices**, PLLC 21 E. Main Street, Suite 160, Buckhannon West Virginia, within thirty (30) days from the date of service.

FILED

DEC 1 9 2022

JEAN FRIEND, CLERK

1

## INSTRUCTIONS AND DEFINITIONS

(A)    Where possible, identify by date, sender, recipient, location and custodian of each document relied upon or which forms the basis for the answer or response given or the substance of what is given in the answer or response to these interrogatories and requests.

(B)    The word "document" is used herein in its broadest sense and includes any original, reproduction or copy of any kind of typed, recorded, graphic, printed, written or documentary matter, including without limitation correspondence, memoranda, interoffice communications, notes, diaries, memos, contracts, documents, drawings, plans, specifications, estimates, vouchers, permits, regulations, rules, procedures, graphs, charts, schedules, photographs, logs, directives, minutes of meetings, invoices, billings, checks, reports, records, data compilations, phonographs records, treatises, manuals, source materials, studies, telegraphs, notes of telephone conversations and notes of any and all communications and every other means of recording and tangible thing, any form of communications or representations, including letters, words, pictures, sounds or symbols or combinations thereof.

With respect to computer files, internet advertising materials and other computer-accessible materials, the word "document" includes any computer file, word-processing file, database file, HTML file, web page or downloadable file, regardless of format or file extension.

*SPECIAL INSTRUCTION:  ALL DOCUMENTS PRODUCED ARE TO BE FULLY LEGIBLE.   ALSO, IN THE EVENT ANY DOCUMENTS PRODUCED ARE NUMBERED BY BATES STAMP OR STAMPED "CONFIDENTIAL" OR BEAR ANY OTHER STAMP OR WRITTEN MATERIAL PLACED ON SAID DOCUMENTS FOR PURPOSES OF THIS LITIGATION, ALL SUCH PAGE NUMBERS ARE TO BE FULLY LEGIBLE AND ALL SUCH ADDITIONAL STAMPED OR WRITTEN MATERIAL IS TO BE AFFIXED IN A MANNER SUCH THAT IT WILL NOT OBSCURE OR OBLITERATE, COMPLETELY OR PARTIALLY, ANY OTHER TYPED OR WRITTEN MATERIAL ON SAID DOCUMENTS.*

2

(C)   Where possible, state whether the information furnished is within the personal knowledge of the person answering and, if it is not, state the name if known of each person to whom the information is a matter of personal knowledge.

(D)   Where possible identify each person who assisted or participated in preparing and/or supplying any of the information given in answer or response to or relied upon in preparing answers or responses to these interrogatories and requests and where possible delineate the same in such answers or responses.

(E)   If you maintain that any document or record which refers to or relates to anything about which these interrogatories or requests ask has been destroyed, set forth the content of said document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

(F)   Where the answer or response to any of the following interrogatories or requests may be derived or ascertained from any records of this Respondent or from an examination, audit or inspection of such records or from a compilation, abstract or summary based thereon, please specify the records from which the answer or response may be derived or ascertained.

(G)   In specifying any document herein, please include sufficient detail to permit the Claimant to identify readily the individual documents from which the answer or response may be ascertained.

(H)   In producing any of the documents hereinafter requested, please produce them as they are kept in the usual course of business of this Respondent or, in the alternative, organize and label them to correspond with the categories or context in these requests.

(I)    If you object to the production of any documents or item requested herein, please state:

      (a) The date of said document or description of said item;

      (b) The name and address of the author of said document;

      (c) The name and address of the intended recipient of said document; and

      (d) The name and address of the person who presently has custody of said document or item.

(J)    The term "incident" as used herein refers to the wrongful termination, as is described in Plaintiff's Complaint.

(K)    The Term Plaintiff as used herein refers to Kimberly Chapman.

(L)    The terms "Defendant", "your" and/or "you" as used herein refers to Morgantown Operations, LLC dba The Crossings at Morgantown dba Harmony at Morgantown.

(M)    Unless otherwise stated, the requests and interrogatories herein refer to the location at which Plaintiff was employed.

## **REQUEST FOR ADMISSIONS**

1. Admit that Defendant hired Plaintiff on or about February 14, 2022.

   **ANSWER:**

2. Admit that Mark Terry worked as an Executive Director for Defendant.

   **ANSWER:**

3. Admit that Mark Terry was Plaintiff's supervisor during her employment with Defendant.

   **ASNWER:**

4. Admit that Plaintiff reported safety concerns to Defendant via email on or about June 22, 2022.

4

**ANSWER:**

5. Admit that prior to June 22, 2022, Plaintiff had never been informed of any problems Defendant had with her work performance.

   **ANSWER:**

6. Admit that Plaintiff reported harassment from Mark Terry to Defendant via email on or about June 22, 2022.

   **ANSWER:**

7. Admit that on or about June 23, 2022, Plaintiff emailed Defendant again regarding concerns and requested to make a formal complaint against Mark Terry.

   **ANSWER:**

8. Admit that, during her employment with Defendant, Plaintiff reported safety concerns regarding the serving of alcohol.

   **ANSWER:**

9. Admit that, during her employment with Defendant, Plaintiff reported safety concerns regarding unauthorized employees administering narcotics.

   **ANSWER:**

10. Admit that, during her employment with Defendant, Plaintiff reported inappropriate behavior of Mark Terry.

    **ANSWER:**

11. Admit that on or about June 27, 2022, Plaintiff emailed Defendant with concerns of retaliation for reporting harassment and safety concerns.

    **ANSWER:**

12. Admit that on or about June 28, 2022, Defendant terminated Plaintiff.

**ANSWER:**

## INTERROGATORIES

1. If any of your responses to the above Requests for Admissions is anything other than unqualified admission, please set forth the basis for your denial and/or qualification.

   **ANSWER:**

2. Provide the name, address, phone number, and job title of each person who assisted in answering these Interrogatories and Request for Production of Documents and list which interrogatories and/or request for production of documents were answered by which of said individuals or combination of individuals.

   **ANSWER:**

3. Please list the names, addresses and telephone numbers of any and all individuals who have knowledge of facts or circumstances relevant to Plaintiff's and/or Defendant's claims or defenses in this matter.

   **ANSWER:**

4. Please detail the factual information possessed by each individual and state whether any of the aforesaid individuals were employed or are still employed by you, and, if so, state their capacity and the dates of employment.

   **ANSWER:**

5. State the name and address of every lay witness you intend to call at the trial of this

6

matter and state whether any of the aforesaid individuals were employed or are still employed by you, and, if so, state their capacity and the dates of employment.

**ANSWER:**

6. If you will seek to elicit any opinions at trial from any of the lay witnesses listed in your answer to the preceding Interrogatory, please set forth:

    a.      The subject matter of said opinion;

    b.      The substance of said opinions; and,

    c.      The facts upon which said opinions will be based.

**ANSWER:**

7. Without referring to your answer to the Plaintiff's complaint, state the factual basis upon which any and all affirmative defenses raised by defendant are based

**ANSWER:**

8. Describe each document you intend to offer into evidence and the name and address of the person who is presently in possession of said document.

**ANSWER:**

9. With regard to all documents requested in Plaintiff's Requests for Production, state whether any of the documents have been altered, retyped from handwritten notes, redrafted or modified in any manner whatsoever before photocopying and producing in response to Plaintiff's Requests for Production.

**ANSWER:**

10. For each person you or your attorney expect to call as an expert witness at trial, please state, the name and address of each such expert, the subject matter concerning which the expert is expected to testify, the substance of the facts and opinions on which each such expert is expected to testify, a summary of the grounds for each opinion about which each such expert is expected to testify and the amount of compensation paid to the expert, including their hourly rate.

**ANSWER:**

11. Please state whether you or your attorney have a copy of any statement, which the Plaintiff has previously made concerning the action, or its subject matter, which is in your possession, custody or control, if so, please attach. For the purpose of this question, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it or an oral statement by the person making it and contemporaneously recorded.

**ANSWER:**

12. Please list all previous complaints or legal actions claiming discrimination or retaliation for reporting discrimination made within the last five (5) years. For each such complaint or action list the outcome.

**ANSWER:**

13. Please list all previous complaints or legal actions claiming patient safety concerns made within the last five (5) years. For each such complaint or action list the outcome.

**ANSWER:**

14. State and describe all Plaintiff's job position(s) and duties during Plaintiff's employment with Defendant and why any changes were made.

**ANSWER:**

15. Please state all disciplinary actions of any kind you have taken against Plaintiff.

**ANSWER:**

16. What insurance agreement exists that may be liable to satisfy part or all of a judgment in this case? Please state the name of the insurer, and the amount of any coverage.

**ANSWER:**

17. Please state the name, position, and current address of each person who was the Plaintiff's immediate supervisor.

**ANSWER:**

18. Please state Mark Terry's position and responsibilities during Plaintiff's employment.

**ANSWER:**

19. Please state Mark Terry's current or last known address.

   **ANSWER:**


20. Describe any and all interactions wherein the Plaintiff made reports and/or complaints to Defendant.

   **ANSWER:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Please produce a complete, unedited, legible copy of Plaintiff's personnel file, including any write-ups, commendations, disciplinary actions, job performance evaluations and appraisals, notes, memoranda, and medical records or other sub-files of any nature which may be kept or housed separately pertaining to Plaintiff's employment.

   **RESPONSE:**


2. Any statements taken by or on behalf of defendant of any witness listed in the above interrogatories.

   **RESPONSE:**


3. Please produce a complete, unedited, legible/readable copy of Plaintiff's job description(s) with Defendant and any other written documents pertaining to Plaintiff's job duties and job tasks.

   **RESPONSE:**


4. Any and all memoranda, letters, correspondence, notes, documents, complaints, or

interoffice communications, in Defendant's possession, concerning Plaintiff or addressed to Plaintiff, including any anonymous complaints.

**RESPONSE:**

5. For all experts or potential experts contacted in this case, provide all opinions which have been prepared or given in connection with this incident together with anything relied upon by said expert. Examples may include: work papers, notes, documents, letters, writings, summaries, communications, memoranda, opinions, conclusions, photographs, field notes, calculations, models, exhibits, computer entries, recordings, markings, transmittals or data, draft reports and outlines in the file of any expert.

**RESPONSE:**

6. For each individual whom you may call as an expert witness at the trial of this case please produce a copy of their curriculum vitae and/or resume, copies of any and all publications, and a list of names of all law firms and attorneys who have employed the expert's professional services concerning litigation.

**RESPONSE:**

7. Please produce a complete, copy of all documents referencing disability discrimination, accommodations, and absenteeism provided to employees.

**RESPONSE:**

8. Please provide all documents which show income received by the Plaintiff during is

employment with the Defendant from Plaintiff's start date to present.

**RESPONSE:**

9.  Please provide documents corresponding to the responses given in Interrogatory 12-13.

**RESPONSE:**

10. Please provide copies of any writings distributed to employees and/or training materials used during the five (5) years to the present, which describe or include the Defendant's anti-discrimination policies or procedures.

**RESPONSE:**

11. An organizational chart setting forth the names and positions of all officers and the human resource department of Defendant and their respective responsibilities during Plaintiff's employment with Defendant.

**RESPONSE:**

12. Please produce any and all insurance policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment in this action.

**RESPONSE:**

13. Please produce any and all documents referred to as in the above-listed Interrogatories

and Defendant's responses thereto.

**RESPONSE:**


14. Any and all files reflecting investigations conducted into the Plaintiff or Plaintiff's claims

by Defendant, Defendant's counsel, or an insurance company.

**RESPONSE:**

Respectfully submitted,
Kimberly Chapman

Of Counsel


Erika Klie Kolenich, Esq.  (9880)
Klie Law Offices, PLLC
21 E. Main St., Suite 160
Buckhannon, WV 26201
(304) 472-5007
Facsimile:  304-472-1126
ehklie@klielawoffices.com

13

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

MONONGALIA CO CIRCUIT COURT
75 HIGH STREET
SUITE 12
Morgantown, WV 26505-5427

| | |
|---|---|
| **Control Number:** 300779 | **Agent:** CRAIG PENNY |
| **Defendant:** MORGANTOWN OPERATIONS, LLC | **County:** Monongalia |
| 4423 PHEASANT RIDGE ROAD | **Civil Action:** 22-C-305 |
| SUITE 301 | **Certified Number:** 92148901125134100003651202 |
| ROANOKE, VA 24014 US | **Service Date:** 12/30/2022 |

I am enclosing:

**1 discovery, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process  in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document
directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**F I L E D**

JAN 0 9 2023

DONNA HIDOCK, CLERK

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KIMBERLY CHAPMAN,

        Plaintiff,

    v.

MORGANTOWN OPERATIONS, LLC DBA
THE CROSSINGS AAT MORGANTOWN DBA
HARMONY AT MORGANTOWN and MARK
TERRY,

        Defendants.

Civil Action No.: 22-C-305

## NOTICE OF FILING OF NOTICE OF REMOVAL

Defendant Morgantown Operations, LLC DBA The Crossings At Morgantown DBA Harmony at Morgantown ("Defendant"), through its undersigned counsel, hereby gives notice to the Circuit Court of Monongalia County, West Virginia, as follows:

1.     The Defendants have filed a Notice of Removal with the United States District Court for the Northern District of West Virginia. A copy of the Notice of Removal is attached hereto as **Exhibit A**.

2.     Pursuant to the provisions of 28 U.S.C. § 1446(d), the filing of the Notice of Removal by the Defendant in this Circuit Court effects the removal of this action from the Circuit Court's jurisdiction, and the Circuit Court "shall proceed no further unless and until the case is remanded" by the federal court.  28 U.S.C. § 1446(d).

Dated: January 30, 2023

FILLED

FEB 0 1 2023

DONNA HIDOCK CLERK

Respectfully submitted,

LITTLER MENDELSON, P.C.

_____
Constance H. Weber (WV Bar No. 7270)
Kellen M. Shearin (WV Bar No. 13965)
LITTLER MENDELSON, P.C.
Chase Tower
707 Virginia Street, E.
Suite 1010
Charleston, WV 25301
Telephone: 304.599.4600
Facsimile: 304.599.4650

*COUNSEL FOR DEFENDANT*
*MORGANTOWN OPERATIONS, LLC*

2

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

KIMBERLY CHAPMAN,

        Plaintiff,

    v.

MORGANTOWN OPERATIONS, LLC DBA
THE CROSSINGS AAT MORGANTOWN DBA
HARMONY AT MORGANTOWN and MARK
TERRY,

        Defendants.

Civil Action No.: 22-C-305

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on this 30 day of January, 2022, a true and correct

copy of the foregoing Defendant's Notice of Removal was filed via the Court's electronic filing

system and served via email electronic mail upon Plaintiff's counsel, addressed as follows:

Erika Kile Kolenich, Esq.
Kile Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
Phone: 304-472-5007
Facsimile: 304-472-1126
ehkile@klielawoffices.com

_____
Constance H. Weber (WV Bar No. 7207)

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG DIVISION

KIMBERLY CHAPMAN,

        Plaintiff,

      v.

MORGANTOWN OPERATIONS, LLC, DBA
THE CROSSINGS AT MORGANTOWN DBA
HARMONY AT MORGANTOWN and MARK
TERRY,

        Defendants.

Civil Action No.

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Morgantown Operations, LLC DBA

The Crossings At Morgantown DBA Harmony at Morgantown ("Defendant"), through its

undersigned counsel, hereby gives notice of its removal of the above action from the Circuit Court

of Monongalia County, West Virginia to the United States District Court for the Northern District

of West Virginia, Clarksburg Division. For the reasons stated below, removal of this action is

proper under 28 U.S.C. §1332 as there is complete diversity between the parties and the amount

of controversy exceeds the requisite $75,000 amount. As grounds for removal, Defendant further

states as follows:

### STATE COURT ACTION

1.     Plaintiff Kimberly Chapman ("Plaintiff") commenced this action by filing a

Complaint on or about December 19, 2022 against Defendant Morgantown Operations, LLC DBA

The Crossings At Morgantown DBA Harmony at Morgantown ("Defendant") and Mark Terry

("Mr. Terry"), in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 22-C-

305.

FILED

FEB 0 1 2023

DONNA HIDOCK, CLERK

2.       Plaintiff's Complaint asserts claims against Defendant for Gender Discrimination (Count I) in Violation of the West Virginia Human Rights Act ("WVHRA"); Hostile Work Environment (Count II); Retaliation in Violation of Public Policy (Count III); violation of the Patient Safety Act (Count IV); Wrongful Termination (Count V); and Outrage (Count VI).

3.       Service of the Summons and Complaint on Defendant was effectuated through the Office of the Secretary of State for the State of West Virginia and was received by Defendant through its appointed agent on December 30, 2022.

4.       A true and correct copy of the Summons, Complaint and Discovery Requests served on Defendant is attached hereto as **Exhibit 1**. No other pleadings have been served or filed in this action, nor has any court order been entered. A copy of the most recent docket sheet from the Monongalia County Circuit Clerk is attached hereto as **Exhibit 2**.

5.       This notice is timely filed pursuant to 28 U.S.C. §1446(b), in that it is filed within thirty (30) days from the date Defendant was served with the Complaint.

## GROUNDS FOR REMOVAL

6.       This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2611. The action may be removed to this Court pursuant to 28 United States Code §§ 1441 and 1446, as this is an action between citizens of different states wherein the amount in controversy exceeds the amount of $75,000, exclusive of interest and costs.

### Diversity of Citizenship

7.       There is complete diversity between Plaintiff and Defendant.

8.       The Plaintiff alleges she is a resident of West Virginia. (Complaint, ¶ 1).

9.       Defendant Morgantown Operations, LLC is a Limited Liability Company authorized to transact business in West Virginia. For the purposes of diversity jurisdiction, the

citizenship of a limited liability company is determined by the citizenship of all of its members. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). Defendant's members are: (1) James R. Smith, (2) Hunter D. Smith; (3) The James R. Smith and Augustine D. Smith Irrevocable Trust for the benefit of Hunter D. Smith; and (4) the James R. Smith and Augustine D. Smith Irrevocable Trust for the benefit of Ross P. Smith.

10.     Both James R. Smith and Hunter D. Smith are now, and were at all relevant times, residents and citizens of the State of South Carolina.

11.     The citizenship of a trust is determined by the citizenship of the trustee. *Wurts v. Branch Banking and Trust Co.*, 402 F.Supp.3d 335, 338-39 (S.D. W.Va. 2019). The trustees for both the James R. Smith and Augustine D. Smith Irrevocable Trust for the benefit of Hunter D. Smith and the James R. Smith and Augustine D. Smith Irrevocable Trust for the benefit of Ross P. Smith are Ross P. Smith and Hunter D. Smith. Both Ross P. Smith and Hunter D. Smith are residents and citizens of the State of South Carolina.

12.     Mr. Terry is a former employee of Defendant. His residence is in Shreveport, Louisiana and he is a citizen of the State of Louisiana. Upon information and belief, as of the filing of this Notice of Removal, Mr. Terry has not been served with the Summons and Complaint. *See* **Exhibit 2**.

## Amount in Controversy

13.     Defendant must simply establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 to sustain this Court's jurisdiction under 28 U.S.C. § 1332(a)(1). *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001).

14.     Although Defendant denies that it is liable to Plaintiff for any amount of damages, the jurisdictional amount in controversy clearly exceeds $75,000. The Plaintiff seeks an award for

back pay and lost wages. (Complaint, ¶¶ 43, 44, 53, WHEREFORE ¶). At the time of Plaintiff's June 28, 2022 termination, Plaintiff was paid a salary of $52,000 annually. (*Id.*, ¶ 15). Were this case to go to trial 12 months from this date, Plaintiff's claim for back wages alone could amount to $82,333.33 (19 months x $4,333.33).

15.      Plaintiff is also making claims for front pay, lost benefits, loss of future earnings, future loss of benefits, financial hardship, emotional distress, anxiety, embarrassment, as well as punitive damages. (*Id.*, ¶¶ 43, 44, 53, WHEREFORE ¶). All of these types of potential damages must be factored into the Court's consideration of the amount in controversy. *See McCoy*, 147 F. Supp. 2d at 489 (stating that, to determine the amount in controversy, courts consider "the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate."); *see also Lane v. Gray Transportation, Inc.*, No. 2:20-cv-40, 2021 WL 4267708, *7 (N.D.W.V. Sept. 20, 2021)(considering plaintiff's demand for punitive damages award under WVHRA as a part of amount in controversy for purposes of establishing diversity jurisdiction). Finally, Plaintiff also seeks an award of attorney's fees, interests and costs. (*Id.*, ¶¶ 43, 53, WHEREFORE ¶). Because attorney's fees are available under the WVHRA, they too are considered as part of the amount-in-controversy assessment. *Lane*, 2021 WL 4267708, at *7.

16.      All told, removal is proper because the amount in controversy far exceeds the amount specified in 28 U.S.C. § 1332(a). *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547 (2014) (explaining that short and plain statement regarding amount in controversy is all that is required for removal). Based on the foregoing, a reasonable and fair reading of the Complaint demonstrates that the damages at issue exceed $75,000. Therefore, Defendant believes that the amount in controversy in this action exceeds $75,000.

## REMOVAL REQUIREMENTS

17.     This is a civil suit brought in the Circuit Court of Monongalia County, West Virginia, and, accordingly, pursuant to 28 U.S.C. §§129, 1441(a), and 29 U.S.C. §2617, the Clarksburg Division of the United States District Court for the Northern District of West Virginia is the proper forum for removal.

18.     In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been served upon Defendant to date in this matter are attached to this Notice of Removal as **Exhibit 1**. A copy of the Circuit Court docket sheet is attached hereto as **Exhibit 2**.

19.     This Notice of Removal has been signed by counsel for Defendant, in compliance with the requirements of 28 U.S.C. §1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

20.     In accordance with 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Monongalia County, West Virginia and served upon Plaintiff.

WHEREFORE, Defendant Morgantown Operations, LLC DBA The Crossings At Morgantown DBA Harmony at Morgantown, removes this action to this Court, and respectfully request that this Court accept jurisdiction of this action and that this action be henceforth placed on the docket of this Court for all further proceedings as though the same action had been originally commenced in this Court.

Dated: January 30, 2023

5

Respectfully submitted,

LITTLER MENDELSON, P.C.

_____/s/ Constance H. Weber_____

Constance H. Weber (WV Bar No. 7270)
Kellen M. Shearin (WV Bar No. 13965)
LITTLER MENDELSON, P.C.
Chase Tower
707 Virginia Street, E.
Suite 1010
Charleston, WV 25301
Telephone: 304.599.4600
Facsimile: 304.599.4650

*COUNSEL FOR DEFENDANT*
*MORGANTOWN OPERATIONS, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

KIMBERLY CHAPMAN,

        Plaintiff,

    v.

MORGANTOWN OPERATIONS, LLC, DBA
THE CROSSINGS AT MORGANTOWN DBA
HARMONY AT MORGANTOWN and MARK
TERRY,

        Defendants.

Civil Action No.

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on this 30th day of January, 2022, a true and correct

copy of the foregoing Defendant's Notice of Removal was filed via the Court's electronic filing

system and served via email electronic mail upon Plaintiff's counsel, addressed as follows:

Erika Kile Kolenich, Esq.
Kile Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
Phone: 304-472-5007
Facsimile: 304-472-1126
ehkile@klielawoffices.com

        /s/Constance. H. Weber
        CONSTANCE H. WEBER (WV BAR NO. 7207)

# Exhibit 1

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 6512 02

MORGANTOWN OPERATIONS, LLC
CRAIG PENNY
4423 PHEASANT RIDGE ROAD
SUITE 301
ROANOKE, VA 24014

| | | | |
|---|---|---|---|
| **Control Number:** | 300779 | **Agent:** | CRAIG PENNY |
| **Defendant:** | MORGANTOWN OPERATIONS, LLC | **County:** | Monongalia |
| | 4423 PHEASANT RIDGE ROAD | **Civil Action:** | 22-C-305 |
| | SUITE 301 | **Certified Number:** | 92148901125134100003651202 |
| | ROANOKE, VA 24014 US | **Service Date:** | 12/30/2022 |

I am enclosing:

**1 discovery, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State



**S U M M O N S**

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KIMBERLY CHAPMAN

**PLAINTIFF(S)**

VS.                                                      CIVIL ACTION NO.  22-C-305

MORGANTOWN OPERATIONS, LLC.
DBA THE CROSSINGS AT MORGANTOWN
DBA HARMONY AT MORGANTOWN
c/o Craig A. Penny, 4423 Pheasant Ridge Road, Suite 301, Roanoke VA  24014

AND

MARK TERRY

**DEFENDANT(S)**

TO THE ABOVE NAMED DEFENDANT(S):

IN THE NAME OF THE STATE OF WEST VIRGINIA,

    You are hereby summoned and required to serve upon **ERIKA  KOLENICH,** whose address is **21 E.**

**Main Street, Suite 160, Buckhannon WV 26201** an answer, including any related counter claim you may

have to the complaint filed against you in the above style civil action, a true copy of which is herewith

delivered to you. You are required to serve your answer within **30 days** after service of this summons upon

you, exclusive of the date of service.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting in another action any claim you may have which

must be asserted by counterclaim in the above style civil action.

**DATED:  December 19, 2022**

Jean Friend, Circuit Clerk

BY: _____
Deputy Clerk

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KIMBERLY CHAPMAN,

        Plaintiff,

v.                           Civil Action No.: 22-C-305

MORGANTOWN OPERATIONS, LLC DBA
THE CROSSINGS AT MORGANTOWN DBA
HARMONY AT MORGANTOWN,
and MARK TERRY,

        Defendants.

## PLAINTIFF'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO DEFENDANT, MORGANTOWN OPERATIONS, LLC

Pursuant to the provisions of Rules 26, 33 and 34 of the West Virginia Rules of Civil Procedure, as amended, and subject to the following instructions and definitions, Plaintiff, Kimberly Chapman, formally requests that Defendant, Morgantown Operations, LLC dba The Crossings at Morgantown dba Harmony at Morgantown.:

- Answer in writing, under oath, the following Interrogatories, within forty-five (45) days from the date of service, which are intended to be continuing in nature so as to require additional answers as information bearing thereon becomes available to you or your attorney; and

- Attach copies of all documents requested herein or, alternatively, produce said documents to **Klie Law Offices**, PLLC 21 E. Main Street, Suite 160, Buckhannon West Virginia, within thirty (30) days from the date of service.

## INSTRUCTIONS AND DEFINITIONS

(A)    Where possible, identify by date, sender, recipient, location and custodian of each document relied upon or which forms the basis for the answer or response given or the substance of what is given in the answer or response to these interrogatories and requests.

(B)    The word "document" is used herein in its broadest sense and includes any original, reproduction or copy of any kind of typed, recorded, graphic, printed, written or documentary matter, including without limitation correspondence, memoranda, interoffice communications, notes, diaries, memos, contracts, documents, drawings, plans, specifications, estimates, vouchers, permits, regulations, rules, procedures, graphs, charts, schedules, photographs, logs, directives, minutes of meetings, invoices, billings, checks, reports, records, data compilations, phonographs records, treatises, manuals, source materials, studies, telegraphs, notes of telephone conversations and notes of any and all communications and every other means of recording and tangible thing, any form of communications or representations, including letters, words, pictures, sounds or symbols or combinations thereof.

With respect to computer files, internet advertising materials and other computer-accessible materials, the word "document" includes any computer file, word-processing file, database file, HTML file, web page or downloadable file, regardless of format or file extension.

*SPECIAL INSTRUCTION: ALL DOCUMENTS PRODUCED ARE TO BE FULLY LEGIBLE. ALSO, IN THE EVENT ANY DOCUMENTS PRODUCED ARE NUMBERED BY BATES STAMP OR STAMPED "CONFIDENTIAL" OR BEAR ANY OTHER STAMP OR WRITTEN MATERIAL PLACED ON SAID DOCUMENTS FOR PURPOSES OF THIS LITIGATION, ALL SUCH PAGE NUMBERS ARE TO BE FULLY LEGIBLE AND ALL SUCH ADDITIONAL STAMPED OR WRITTEN MATERIAL IS TO BE AFFIXED IN A MANNER SUCH THAT IT WILL NOT OBSCURE OR OBLITERATE, COMPLETELY OR PARTIALLY, ANY OTHER TYPED OR WRITTEN MATERIAL ON SAID DOCUMENTS.*

(C)   Where possible, state whether the information furnished is within the personal knowledge of the person answering and, if it is not, state the name if known of each person to whom the information is a matter of personal knowledge.

(D)   Where possible identify each person who assisted or participated in preparing and/or supplying any of the information given in answer or response to or relied upon in preparing answers or responses to these interrogatories and requests and where possible delineate the same in such answers or responses.

(E)   If you maintain that any document or record which refers to or relates to anything about which these interrogatories or requests ask has been destroyed, set forth the content of said document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

(F)   Where the answer or response to any of the following interrogatories or requests may be derived or ascertained from any records of this Respondent or from an examination, audit or inspection of such records or from a compilation, abstract or summary based thereon, please specify the records from which the answer or response may be derived or ascertained.

(G)   In specifying any document herein, please include sufficient detail to permit the Claimant to identify readily the individual documents from which the answer or response may be ascertained.

(H)   In producing any of the documents hereinafter requested, please produce them as they are kept in the usual course of business of this Respondent or, in the alternative, organize and label them to correspond with the categories or context in these requests.

3

(I)     If you object to the production of any documents or item requested herein, please state:

    (a) The date of said document or description of said item;

    (b) The name and address of the author of said document;

    (c) The name and address of the intended recipient of said document; and

    (d) The name and address of the person who presently has custody of said document or item.

(J)     The term "incident" as used herein refers to the wrongful termination, as is described in Plaintiff's Complaint.

(K)     The Term Plaintiff as used herein refers to Kimberly Chapman.

(L)     The terms "Defendant", "your" and/or "you" as used herein refers to Morgantown Operations, LLC dba The Crossings at Morgantown dba Harmony at Morgantown.

(M)     Unless otherwise stated, the requests and interrogatories herein refer to the location at which Plaintiff was employed.

## REQUEST FOR ADMISSIONS

1.  Admit that Defendant hired Plaintiff on or about February 14, 2022.

    **ANSWER:**

2.  Admit that Mark Terry worked as an Executive Director for Defendant.

    **ANSWER:**

3.  Admit that Mark Terry was Plaintiff's supervisor during her employment with Defendant.

    **ASNWER:**

4.  Admit that Plaintiff reported safety concerns to Defendant via email on or about June 22, 2022.

4

ANSWER:

5.  Admit that prior to June 22, 2022, Plaintiff had never been informed of any problems Defendant had with her work performance.

ANSWER:

6.  Admit that Plaintiff reported harassment from Mark Terry to Defendant via email on or about June 22, 2022.

ANSWER:

7.  Admit that on or about June 23, 2022, Plaintiff emailed Defendant again regarding concerns and requested to make a formal complaint against Mark Terry.

ANSWER:

8.  Admit that, during her employment with Defendant, Plaintiff reported safety concerns regarding the serving of alcohol.

ANSWER:

9.  Admit that, during her employment with Defendant, Plaintiff reported safety concerns regarding unauthorized employees administering narcotics.

ANSWER:

10. Admit that, during her employment with Defendant, Plaintiff reported inappropriate behavior of Mark Terry.

ANSWER:

11. Admit that on or about June 27, 2022, Plaintiff emailed Defendant with concerns of retaliation for reporting harassment and safety concerns.

ANSWER:

12. Admit that on or about June 28, 2022, Defendant terminated Plaintiff.

ANSWER:

## **INTERROGATORIES**

1. If any of your responses to the above Requests for Admissions is anything other than unqualified admission, please set forth the basis for your denial and/or qualification.

   ANSWER:


2. Provide the name, address, phone number, and job title of each person who assisted in answering these Interrogatories and Request for Production of Documents and list which interrogatories and/or request for production of documents were answered by which of said individuals or combination of individuals.

   ANSWER:


3. Please list the names, addresses and telephone numbers of any and all individuals who have knowledge of facts or circumstances relevant to Plaintiff's and/or Defendant's claims or defenses in this matter.

   ANSWER:


4. Please detail the factual information possessed by each individual and state whether any of the aforesaid individuals were employed or are still employed by you, and, if so, state their capacity and the dates of employment.

   ANSWER:


5. State the name and address of every lay witness you intend to call at the trial of this

6

matter and state whether any of the aforesaid individuals were employed or are still employed by you, and, if so, state their capacity and the dates of employment.

**ANSWER:**

6. If you will seek to elicit any opinions at trial from any of the lay witnesses listed in your answer to the preceding Interrogatory, please set forth:

   a.    The subject matter of said opinion;

   b.    The substance of said opinions; and,

   c.    The facts upon which said opinions will be based.

   **ANSWER:**

7. Without referring to your answer to the Plaintiff's complaint, state the factual basis upon which any and all affirmative defenses raised by defendant are based

   **ANSWER:**

8. Describe each document you intend to offer into evidence and the name and address of the person who is presently in possession of said document.

   **ANSWER:**

9. With regard to all documents requested in Plaintiff's Requests for Production, state whether any of the documents have been altered, retyped from handwritten notes, redrafted or modified in any manner whatsoever before photocopying and producing in response to Plaintiff's Requests for Production.

**ANSWER:**

10. For each person you or your attorney expect to call as an expert witness at trial, please state, the name and address of each such expert, the subject matter concerning which the expert is expected to testify, the substance of the facts and opinions on which each such expert is expected to testify, a summary of the grounds for each opinion about which each such expert is expected to testify and the amount of compensation paid to the expert, including their hourly rate.

**ANSWER:**

11. Please state whether you or your attorney have a copy of any statement, which the Plaintiff has previously made concerning the action, or its subject matter, which is in your possession, custody or control, if so, please attach. For the purpose of this question, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it or an oral statement by the person making it and contemporaneously recorded.

**ANSWER:**

12. Please list all previous complaints or legal actions claiming discrimination or retaliation for reporting discrimination made within the last five (5) years. For each such complaint or action list the outcome.

**ANSWER:**

13. Please list all previous complaints or legal actions claiming patient safety concerns made within the last five (5) years. For each such complaint or action list the outcome.

ANSWER:

14. State and describe all Plaintiff's job position(s) and duties during Plaintiff's employment with Defendant and why any changes were made.

ANSWER:

15. Please state all disciplinary actions of any kind you have taken against Plaintiff.

ANSWER:

16. What insurance agreement exists that may be liable to satisfy part or all of a judgment in this case? Please state the name of the insurer, and the amount of any coverage.

ANSWER:

17. Please state the name, position, and current address of each person who was the Plaintiff's immediate supervisor.

ANSWER:

18. Please state Mark Terry's position and responsibilities during Plaintiff's employment.

ANSWER:

9

19. Please state Mark Terry's current or last known address.

ANSWER:


20. Describe any and all interactions wherein the Plaintiff made reports and/or complaints to Defendant.

ANSWER:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Please produce a complete, unedited, legible copy of Plaintiff's personnel file, including any write-ups, commendations, disciplinary actions, job performance evaluations and appraisals, notes, memoranda, and medical records or other sub-files of any nature which may be kept or housed separately pertaining to Plaintiff's employment.

RESPONSE:


2. Any statements taken by or on behalf of defendant of any witness listed in the above interrogatories.

RESPONSE:


3. Please produce a complete, unedited, legible/readable copy of Plaintiff's job description(s) with Defendant and any other written documents pertaining to Plaintiff's job duties and job tasks. ·

RESPONSE:


4. Any and all memoranda, letters, correspondence, notes, documents, complaints, or

10

interoffice communications, in Defendant's possession, concerning Plaintiff or addressed to Plaintiff, including any anonymous complaints.

**RESPONSE:**

5. For all experts or potential experts contacted in this case, provide all opinions which have been prepared or given in connection with this incident together with anything relied upon by said expert. Examples may include: work papers, notes, documents, letters, writings, summaries, communications, memoranda, opinions, conclusions, photographs, field notes, calculations, models, exhibits, computer entries, recordings, markings, transmittals or data, draft reports and outlines in the file of any expert.

**RESPONSE:**

6. For each individual whom you may call as an expert witness at the trial of this case please produce a copy of their curriculum vitae and/or resume, copies of any and all publications, and a list of names of all law firms and attorneys who have employed the expert's professional services concerning litigation.

**RESPONSE:**

7. Please produce a complete, copy of all documents referencing disability discrimination, accommodations, and absenteeism provided to employees.

**RESPONSE:**

8. Please provide all documents which show income received by the Plaintiff during is

11

employment with the Defendant from Plaintiff's start date to present.

**RESPONSE:**

9. Please provide documents corresponding to the responses given in Interrogatory 12-13.

   **RESPONSE:**

10. Please provide copies of any writings distributed to employees and/or training materials used during the five (5) years to the present, which describe or include the Defendant's anti-discrimination policies or procedures.

    **RESPONSE:**

11. An organizational chart setting forth the names and positions of all officers and the human resource department of Defendant and their respective responsibilities during Plaintiff's employment with Defendant.

    **RESPONSE:**

12. Please produce any and all insurance policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment in this action.

    **RESPONSE:**

13. Please produce any and all documents referred to as in the above-listed Interrogatories

and Defendant's responses thereto.

**RESPONSE:**

14. Any and all files reflecting investigations conducted into the Plaintiff or Plaintiff's claims

by Defendant, Defendant's counsel, or an insurance company.

**RESPONSE:**

Respectfully submitted,
Kimberly Chapman

Of Counsel

Erika Klie Kolenich, Esq.  (9880)
Klie Law Offices, PLLC
21 E. Main St., Suite 160
Buckhannon, WV 26201
(304) 472-5007
Facsimile:  304-472-1126
ehklie@klielawoffices.com

13

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KIMBERLY CHAPMAN,

   Plaintiff,

v.            Civil Action No.: 22-C-ᒎ305

MORGANTOWN OPERATIONS, LLC DBA
THE CROSSINGS AT MORGANTOWN DBA
HARMONY AT MORGANTOWN,
and MARK TERRY,

   Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Kimberly Chapman, and for her cause of action against the Defendants, Morgantown Operations, LLC dba The Crossings at Morgantown dba Harmony at Morgantown, and Mark Terry, and states and alleges as follows, to-wit:

1. Plaintiff, Kimberly Chapman, (hereinafter "Plaintiff Chapman") is an adult individual who now and at all times relevant herein resides in Westover, Monongalia County, West Virginia.

2. Based upon information and belief, Defendant, Morgantown Operations, LLC dba The Crossings at Morgantown dba Harmony at Morgantown, (hereinafter referred to as "Defendant Harmony") is a foreign limited liability company existing within the State of West Virginia; Defendant Harmony actively, systematically conducts, contracts, and transacts business in West Virginia by engaging in the business of health care and social assistance, and thus receiving the benefits of conducting business within the State of West Virginia; Defendant Harmony is registered to conduct, contract and transact business within the State of West Virginia. Defendant Harmony's notice of process address is Craig A. Penny, 4423 Pheasant Ridge Road, Suite 301, Roanoke VA, 24014.

1

3. At all times relevant, based upon information and belief, Defendant Mark Terry, (hereinafter referred to as "Defendant Terry") was an individual resident of Monongalia County, West Virginia, while working for Defendant Harmony at their Morgantown, West Virginia location and acted as Plaintiff's supervisor and the Executive Director. He is male.

4. Upon information and belief at all times relevant herein, Plaintiff Chapman, was offered the position of Life Enrichment Director by Defendant Harmony on or about January 28, 2022, and began her employment with Defendant Harmony on or about February 14, 2022.

5. At all times relevant herein, Plaintiff Chapman, worked at Defendant Harmony's location at 50 Harmony Drive, Morgantown, Monongalia County, West Virginia.

6. At all times relevant herein, Plaintiff performed all of her job duties in a satisfactory or above-satisfactory manner and any contention to the contrary is merely a pretext. Prior to any incidents described herein, Plaintiff had not had any other disciplinary actions taken against her.

7. In or about April 2022, Plaintiff Chapman began noticing unprofessional and hostile behaviors in the work environment. Plaintiff Chapman was yelled at on multiple occasions by Defendant Terry. Defendant Terry was known to call and/or message Plaintiff when under the influence of alcohol and outside of work hours.

8. On or about May 4, 2022, Plaintiff Chapman, being so concerned with said behavior, submitted a resignation letter. Upon receiving said letter, Defendant Terry ultimately talked Plaintiff Chapman into rescinding it with promises things would improve.

2

9. On or about June 22, 2022, Plaintiff wrote an email to Margaret Cabell, who held a supervisory role for Defendant Harmony, to report several safety concerns and harassment from Defendant Terry.

10. On or about June 23, 2022, Plaintiff Chapman again emailed and reported to Ms. Cabell about safety concerns and Defendant Terry and advised that she wanted to make a formal complaint against Defendant Terry due to his inappropriate behavior.

11. The reported safety concerns include but are not limited to alcohol being served without food and unauthorized employees administering narcotics. The alcohol was served by a personal friend of Defendant Terry who was also a male.

12. The reported inappropriate behavior concerns include but are not limited to Defendant Terry yelling at Plaintiff Chapman and calling her in the night while intoxicated.

13. On or about June 24, 2022, Plaintiff Chapman had a phone conversation with Ms. Cabell about her concerns.

14. On or about June 27, 2022, Plaintiff Chapman emailed Ms. Cabell, along with Yvonne Rickert, head of HR for Defendant Harmony, with further concerns of retaliation for reporting her harassment and safety concerns.

15. On or about June 28, 2022, Defendant Harmony wrongfully, recklessly, carelessly, willfully, wantonly and unlawfully terminated Plaintiff Chapman.

16. Plaintiff Chapman did not commit any separate dischargeable offense. Based upon information and belief, although defendant has alleged differently, the same is merely a pretext for Defendant Harmony's wrongful termination of Plaintiff Chapman.

17. As a direct and proximate result of the acts and omissions described herein, Plaintiff Chapman was injured and damaged as hereinafter set forth.

3

## COUNT I – GENDER DISCRIMINATION

18. Plaintiff hereby realleges each and every allegation contained in Paragraph One (1) through Paragraph seventeen (17) of this Complaint as if fully rewritten herein.

19. Plaintiff was at all times relevant herein, a member of a protected class of individuals as she was female.

20. Based upon information and belief Plaintiff maintains and therefore avers that her termination was motivated in whole or in part by her gender.

21. Plaintiff was treated in a disparate manner based at least in part on her gender and said disparate treatment includes but is not limited to: being yelled at and demeaned in public, being harassed and called at all times of day by male employees, and ultimately being terminated.

22. The aforesaid gender discrimination was inflicted upon Plaintiff in direct violation of the West Virginia Human Rights Act, W. Va. Code § 5-11-1, *et seq.*

23. As a direct and proximate result of Defendants' outrageous and wrongful actions aforesaid, Plaintiff has suffered injuries, damages, and losses hereinafter set forth.

## COUNT II - HOSTILE WORK ENVIRONMENT

24. Plaintiff hereby realleges each and every allegation contained in Paragraph One (1) through Paragraph twenty-three (23) of this Complaint as if fully rewritten herein.

25. Through the duration of Plaintiff's employment with Defendant Harmony, Plaintiff was subject to a hostile work environment created by Defendant Terry.

26. Based upon information and belief, Defendant Harmony had actual and/or constructive knowledge regarding said hostile work environment but failed to correct the same.

4

27. Said hostile work environment was based upon Plaintiff's gender. The aforementioned behavior was unwelcomed by Plaintiff in the work environment and rendered the workplace and working conditions hostile and unbearable.

28. Based upon information and belief, the hostile work environment was based, at least in part, on Plaintiff's gender.

29. As a direct and proximate result of Defendants' outrageous and wrongful actions aforesaid, Plaintiff has suffered injuries, damages and losses as hereinafter set forth.

## COUNT III - RETALIATION IN VIOLATION OF PUBLIC POLICY

30. Plaintiff Kimberly Chapman hereby re-alleges each and every allegation contained in paragraphs one (1) through twenty-nine (29) as if fully restated herein.

31. Based upon information and belief Plaintiff was wrongfully retaliated against and ultimately wrongfully terminated by Defendants because she reported unsafe patient care and the hostile work environment.

32. Even at will employees may recover for wrongful termination and retaliatory treatment 'where the treatment was motivated by an intention to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge'. *Harless v. First Nat'l Bank,* 192 W. Va. 116, 246 s.E.2d 270 (1978).

33. Further, there is a clear established public policy by West Virginia Supreme Court that 'it is the public policy of this state and otherwise unlawful to discriminate or retaliate against an employee for reporting acts of discrimination and/or harassment which are occurring in the workplace'. *Burke v. Wetzel Cty. Comm'n,* 240 W. Va. 709, 728, 815 S.E.2d 520, 539 (2018).

5

34. There is a clear established public policy that provides that 'no employer may discharge or harass an employee because the employee, acting on his own volition makes a good faith report to the employer or appropriate authority an instance of wrongdoing'. West Virginia Code §6C-1-3(a). As was done while reporting the patient safety concerns.

35. There is a clear established public policy in West Virginia that employers may not retaliate or discriminate in any manner against any healthcare worker because the worker, or any person acting on behalf of the worker, makes a good faith report, or is about to report, verbally or in writing, to the health care entity or appropriate authority an instance of wrongdoing or waste W.V. Code §16-39-1*et seq.*

36. There is a clear established public policy in West Virginia regarding ensuring that only certified persons can distribute medications to patients.

37. As a direct and proximate result of the outrageous and wrongful actions aforesaid, Plaintiff has suffered damages as herein set forth.

## COUNT IV – PATIENT SAFETY ACT

38. Plaintiff Chapman hereby restates each and every allegation set forth in paragraphs one (1) through thirty-seven (37) of this Complaint as if fully rewritten herein.

39. Based upon information and belief, Defendants retaliated against Plaintiff in violation of the Patient Safety Act [W. V. Code §16-39-1, *et seq*].

40. During Plaintiff's employment with Defendant Harmony, she reported concerns about patient safety to Defendant Harmony. Said Complaints include but are not limited to: unauthorized employees administering narcotics and incorrect procedures with the handling and serving of alcohol.

6

41. There is a clear established public policy in West Virginia that employers may not retaliate or discriminate in any manner against any healthcare worker because the worker, or any person acting on behalf of the worker, makes a good faith report, or is about to report, verbally or in writing, to the health care entity or appropriate authority an instant of wrongdoing or waste [W. V. Code §16-39-1, *et seq*].

42. Defendant Harmony retaliated against and discriminated against Plaintiff based upon her complaints and concerns regarding patient safety.

43. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff suffered injuries, damages, which include but are not limited to: back pay, front pay, lost wages, lost benefits, loss of future earnings, future loss of benefits, financial hardship, emotional distress, anxiety, embarrassment, and attorney fees.

44. Defendant Harmony's unlawful, retaliatory, and discriminatory actions constitute malicious, willful and wanton violations of the West Virginia Patient Safety Act for which Plaintiff is entitled to an award of punitive damages.

## COUNT V – WRONGFUL TERMINATION

45. Plaintiff Chapman hereby restates each and every allegation set forth in paragraphs one (1) through forty-four (44) of this Complaint as if fully rewritten herein.

46. Based upon information and belief, Defendant Harmony based its decision to terminate Plaintiff Chapman as least in part due to him reporting patient safety concerns. Thus, Plaintiff was terminated wrongfully and in violation of West Virginia Law.

47. Plaintiff Chapman did not commit any separate dischargeable offense and any contrary allegation is merely a pretext.

7

48. As a direct and proximate result of the acts and omissions described herein, Plaintiff Chapman was injured and damaged as hereinafter set forth.

### COUNT VI – TORT OF OUTRAGE

49. Plaintiff Chapman hereby restates each and every allegation set forth in paragraphs one (1) through forty-eight (48) of this Complaint as if fully rewritten herein.

50. The actions against Plaintiff Chapman, as set forth herein, were done in an outrageous manner and were so extreme as to be intolerable in a civilized society.

51. As a result of the outrageous, wrongful actions aforesaid, Plaintiff Chapman has suffered damages as hereinafter set forth.

### DAMAGES

52. Plaintiff Chapman hereby restates each and every allegation set forth in paragraphs one (1) through fifty one (51) of this Complaint as if fully rewritten herein.

53. As a direct and proximate result of the acts and/or omissions of Defendant Harmony and Defendant Terry, Plaintiff Chapman has been caused to suffer back pay, front pay, lost wages, lost benefits, loss of future earnings, future loss of benefits, financial hardship, emotional distress, anxiety, embarrassment, and attorney fees.

WHEREFORE, Plaintiff, Kimberly Chapman, demands judgment against Defendants Morgantown Operations, LLC dba The Crossings at Morgantown dba Harmony at Morgantown, and Mark Terry, jointly and severally in an amount in excess of the minimum jurisdictional limits of compensatory damages, plus interest and costs and such further relief as a Court or jury may find just. Together with punitive damages against the Defendants, in an amount that will punish Defendants from committing this type of conduct in the State of West Virginia in the future, and by setting an example, deter others from committing this type of conduct in the State

8

of West Virginia in the future and in such amount as will satisfy all other reasons of law and

public policy for an award of punitive or exemplary damages; and Plaintiff further prays for an

award of attorney fees, costs, interests, and for such other relief as the Court or jury deems just.

<u>**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**</u>

Respectfully submitted,
Kimberly Chapman

Of Counsel

Erika Klie Kolenich, Esq.  (9880)
Klie Law Offices, PLLC
21 E. Main St., Suite 160
Buckhannon, WV 26201
(304) 472-5007
Facsimile:  304-472-1126
ehklie@klielawoffices.com

9

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KIMBERLY CHAPMAN,

        Plaintiff,

v.                           Civil Action No.: 22-C-

MORGANTOWN OPERATIONS, LLC DBA
THE CROSSINGS AT MORGANTOWN DBA
HARMONY AT MORGANTOWN,
and MARK TERRY,

        Defendants.

**VERIFICATION**

STATE OF _West Virginia_

COUNTY OF _Monongalia_, TO-WIT

    I, Kimberly Chapman, named in the foregoing "*Complaint*" after being first duly sworn, do hereby swear that the facts and allegations therein contained are true, except insofar as they are therein stated to be upon information and belief, I believe them to be true.

                                  _____
                                    Kimberly Chapman

Taken, subscribed, and sworn to before
me, a Notary Public, by Kimberly Chapman
on this the _15_ day of _December_, 2022.

My Commission expires _10/15/2027_

_____
Notary Public

                                          (Affix Seal Here)

10

# Exhibit 2

Current Date
01/24/2023

Log Out                     Print

Current Time
13.35.04

Return

| | | | | | |
|---|---|---|---|---|---|
| Case Number: | 22-C-305 | Case Year: | 2022 | Status: | *OPEN |
| Date Opened: | 12/19/2022 | Case Sub Code: | C | Date Closed: | |
| Time Opened: | 02:32 PM | Judge Assigned: | PDG-PHILLIP D. GAUJOT | Trial Date: | 01/01/0001 |
| Receipt #: | 181459 | Rate: | 235.00 | Order Book: | 0 |
| Pay Type: | CHECK | Order Book: | 0 | Order Page: | 0 |

Print Excel

| | Note | Date | Earned | Credit/Paid |
|---|---|---|---|---|
| Complaint and Pl's 1st Set of Combined Discovery | | 12/19/2022 | 200.00 | 200.00 |
| Additional clerk/filing fee | | 12/19/2022 | 35.00 | 35.00 |
| Process issued on Morgantown Operations LLC - S/S | | 12/19/2022 | 20.00 | 0.00 |
| Hold service on Mark Terry | | 12/19/2022 | 0.00 | 0.00 |
| S/S accepted service on behalf of Morgantown Operations on 12/30/2 | | 01/09/2023 | 0.00 | 0.00 |